**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOM GONZALES, | No. 12-16302 |
| | No. 13-16015 |
| Plaintiff - Appellant, | |
| | D.C. No. 3:11-cv-00613-RCJ-VPC |
| v. | D.C. No. 2:13-cv-00931-RCJ-VPC |
| SHOTGUN CREEK LAS VEGAS, L.L.C., WELLS FARGO BANK, N.A., DESERT LAND, L.L.C., DESERT OASIS APARTMENTS, L.L.C., and DESERT OASIS INVESTMENTS, L.L.C., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted April 11, 2014
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Robert W. Pratt, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

Before: SCHROEDER and CALLAHAN, Circuit Judges, and PRATT, Senior District Judge.[**]

Tom Gonzales ("Gonzales") appeals the district court's decisions: (1) granting summary judgment to Specialty Trust, Inc., Specialty Mortgage Corp., Specialty Strategic Financing Fund, L.P. (collectively "Specialty Defendants"[1]), and Wells Fargo Bank, N.A. ("Wells Fargo"), finding that the parties to the settlement agreement ("Agreement") did not intend that the Parcel A Transfer Fee constitute a lien on Parcel A; (2) granting summary judgment to Desert Land, L.L.C. ("Desert Land"), Desert Oasis Apartments, L.L.C., and Desert Oasis Investments, L.L.C. ("Desert Investments") (collectively "Desert Entities"), finding that the FLT Option Transactions[2] did not give rise to the obligation to pay the Parcel A Transfer Fee; and (3) denying Gonzales's motion for a preliminary injunction, finding that he did not show a likelihood of irreparable harm. We have

---

[1] Shotgun Creek Las Vegas, L.L.C. ("Shotgun Creek") is the successor in interest to Specialty Defendants. However, for consistency and ease of reference, we will refer to Specialty Defendants because they were parties to the district court proceedings, not Shotgun Creek.

[2] We use the term "FLT Option Transactions" to collectively refer to Desert Land's transfer of the FLT Option to Desert Investments and Desert Investments' exercise of the Option.

2

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1292(a)(1), and we affirm the district court's decisions.

## I

Under Nevada law, when, as in this case, it is claimed that a lien arises out of an express contract, the parties' intent to create the lien must be clearly indicated on the face of the agreement. *Union Indem. Co. v. A.D. Drumm, Jr., Inc.*, 70 P.2d 767, 768 (Nev. 1937) (per curiam). Because the Agreement's § 1.1(b) provides that the Parcel A Transfer Fee is not a mortgage, deed of trust, or other lien on Parcel A, the district court correctly concluded that the parties to the Agreement did not intend that this transfer fee be a lien on Parcel A. Similarly, the district court also correctly concluded that the Parcel A Transfer Fee was not a preemptive property right as the Agreement contains no language suggesting that the transfer fee was anything but a right to receive a certain sum of money in the event of a Parcel A Transfer.[3]

---

[3] In the absence of any showing that additional materials would have potentially affected the case, we find no error in the district court's decision to grant summary judgment for Specialty Defendants and Wells Fargo without giving Gonzales an opportunity to amend his complaint (even though he requested leave to do so) or to submit any additional materials that he deemed pertinent to the disposition of his claims on summary judgment.

3

II

Under the terms of the Agreement, the obligation to pay the Parcel A

Transfer Fee arises only upon the occurrence of a Parcel A Transfer, defined as:

> either: (a) the sale, transfer or other conveyance of any legal or beneficial interest in the entity or entities that own Parcel A (a "Parcel A Equity Transfer"); or (b) the sale, transfer or other conveyance of all or any part of Parcel A, other than (i) a Parcel A Mortgage or (ii) sales, transfers or other conveyances of purchases for easements or to realign property lines, or condemnations involving less than 5% of the gross Parcel A land area.

The FLT Option Transactions do not constitute a Parcel A Transfer because Desert

Land's conveyance of the FLT Option to Desert Investments was neither a Parcel

A Equity Transfer nor a "sale, transfer or other conveyance of all or any part of

Parcel A." Nor was Desert Investments' subsequent exercise of the Option a

qualifying transfer of Parcel A, such that it gave rise to the obligation to pay the

Parcel A Transfer Fee. Accordingly, the district court correctly determined that the

FLT Option Transactions did not trigger the obligation to pay the Parcel A

Transfer Fee.[4]

---

[4] We find no error in the district court's refusal to consider the evidence concerning the so-called Shotgun transfers prior to granting summary judgment to the Desert Entities, given that this issue was not timely raised. Additionally, we find that the district court did not err in denying Gonzales's motion for leave to amend his complaint to include appropriate allegations pertaining to these Shotgun transfers.

4

## III

The district court denied Gonzales's motion for a preliminary injunction, concluding that he had not shown a likelihood of irreparable harm. Even assuming that Gonzales had shown a likelihood of irreparable harm, he has not demonstrated the requisite likelihood of success on the merits. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1133 (9th Cir. 2011). Indeed, his claim that the Parcel A Transfer Fee was due was premised solely on the FLT Option Transactions. As explained in Section II, however, these transactions did not trigger the obligation to pay the Parcel A Transfer Fee to Gonzales because they did not constitute a Parcel A Transfer, as defined by the Agreement.

**AFFIRMED**.

5